# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| STEVEN DAVID MONTAGUE, | |
| Petitioner, | **MEMORANDUM DECISION & ORDER** |
| vs. | |
| UNITED STATES OF AMERICA, | **Case No.  2:06CV878 DAK** |
| Respondent. | |

This matter is before the court on Petitioner Steven David Montague's ("Petitioner") pro se  Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.   On March 3, 2004, Defendant pleaded guilty to Count V of the Superceding Indictment.  On March 4, 2004, Defendant was convicted by a jury of Counts I-III of the Superceding Indictment.  On June 17, 2004, Defendant was sentenced regarding Counts I-III to 110 months in the custody of the BOP and then to 36 months of supervised release.  Defendant was also given the same sentence regarding Count V, and the ordered that the sentences were to run concurrently.

Defendant then appealed his jury conviction to the Tenth Circuit Court of Appeals.  On August 12, 2005, the Tenth Circuit issued its mandate, affirming the jury convictions, but remanding the case for resentencing in light of *Booker*.  On November 3, 2005, the court re-sentenced Defendant to the same sentence.

Many of the issues that Defendant now raises have already been considered by the Tenth Circuit, and thus, Petitioner may not raise these issues under § 2255.  *See United States v.*

1

*Warner*, 23 F.3d 287, 291 (10th Cir. 1994); *United States v. Cook*, 997 F.2d 1312, 1328 n.6 (10th Cir. 1993); *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989); *United States v. Kraemer*, 810 F.2d 173, 177 (10th Cir. 1987) (per curium) ("Appellant cannot raise the same issues in a § 2255 petition that have been decided on direct appeal.").  In addition, many of his current claims are time-barred, as they fall outside the one-year statute of limitations. Furthermore, if an issue is not raised on direct appeal, the petitioner "is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice." *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996).   Petitioner has not established either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice.

Ultimately, however, the court finds no merit to Petitioner's § 2255 petition because he has not challenged anything related to his guilty plea regarding Count V of the Indictment, for which he received a concurrent sentence.  Even assuming *arguendo* that Petitioner's claimed errors had merit, Petitioner's sentence would not change due to his guilty plea regarding Count V and his resulting sentence.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED.

DATED this 29th day of June, 2007.

BY THE COURT:

DALE A. KIMBALL
United States District Judge