**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **STEVEN DAVID MONTAGUE,** | |
|            **Petitioner,** | **MEMORANDUM DECISION AND ORDER** |
| **vs.** | |
| **UNITED STATES OF AMERICA,** | **Case No.  2:09cv271DAK** |
|            **Respondent.** | **Case No. 2:06cv878DAK** |

This matter is before the court on Petitioner Steven David Montague's Motion Pursuant to Rule 60(b) 4 and 6, to Vacate Sentence, and Remand, Actual Innocence Claim.  Petitioner filed his motion in his prior § 2255 case, Case No. 2:06cv878.  The Clerk of Court, however, docketed the motion as a new § 2255 case.

## BACKGROUND

On March 3, 2004, Petitioner pleaded guilty to possession of a controlled substance in violation of 21 U.S.C. § 844(a).  He was then convicted by a jury on three counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  On June 17, 2004, this court sentenced Petitioner to 110 months' imprisonment and 36 months supervised release on both the firearms counts and the drug possession count, with both sentences to run concurrently.

Petitioner appealed.  The Tenth Circuit upheld the court's evidentiary ruling and affirmed his conviction, but vacated his sentence and remanded for resentencing under *United States v.*

*Booker*, 543 U.S. 220 (2005).  *United States v. Montague*, 421 F.3d 1099, 1101 (10th Cir. 2005).

On November 3, 2005, this court resentenced Petitioner to the same 110 month sentence.

On October 12, 2006, Petitioner filed his first § 2255 petition, alleging ineffective

assistance of counsel, denial of a speedy trial, vindictive prosecution, and prosecutorial

misconduct.  This court denied the motion, concluding that Petitioner's claims had been decided

in the prior appeal, were time barred, or had not been raised properly on direct appeal.  In

addition, the court concluded that even if Petitioner's challenges to his sentence had merit, his

sentence would not change because he received a 110 month sentence on the possession of a

controlled substance violation, which he did not challenge.

Petitioner sought a Certificate of Appealability from the Tenth Circuit.  Petitioner raised

five claims: (1) the district court erred in finding that some of his claims were time barred; (2) his

sentence exceeded the statutory maximum; (3) trial and appellate counsel were ineffective by

failing to argue that possession of multiple firearms comprised only one offense; (4) the district

court erred in failing to review the evidentiary ruling again; and (5) cumulative error.  The Tenth

Circuit concluded that the court erred in finding that Petitioner's § 2255 motion was time barred.

But the Tenth Circuit also concluded that because none of Petitioner's other claims had merit, the

grant of a Certificate of Appealability was not warranted.  After the Tenth Circuit denied

Petitioner's Certificate of Appealability, Petitioner sought a writ of certiorari from the United

States Supreme Court, which was denied October 6, 2008.

2

## DISCUSSION

### A.  Characterization of Motion

On March 27, 2009, Petitioner filed the present Rule 60(b) motion in his first § 2255

case.  The Clerk of Court construed the motion as a new § 2255 case.  The first issue for the

court to decide is whether the Clerk of Court's decision to characterize Petitioner's Rule 60(b)

motion as a second § 2255 motion was correct.  *See, e.g. United States v. Torres,* 282 F.3d 1241,

1246 (10th Cir.2002) ("[T]o allow a petitioner to avoid the bar against successive § 2255

motions by simply styling a petition under a different name would severely erode the procedural

restraint imposed under 28 U.S.C. §§ 2244(b)(3) and 2255.").

In *Gonzalez v. Crosby,* 125 S. Ct. 2641, 2648, 2651 (2005) the Court held that a Rule

60(b) motion alleging a "defect in the integrity of the federal habeas proceedings" under § 2254

is not the equivalent of a second or successive habeas proceeding.  *Id.* at 2648.  However, a Rule

60(b) motion filed in a § 2254 case that does not raise such a claim but, rather, asserts or

reasserts a substantive claim to set aside the petitioner's state conviction, must be treated as a

successive habeas petition.  *Id.*  But  "the *Gonzalez* court specifically stated that its decision does

not apply to § 2255 proceedings." *See also United States v. Williams*, 167 Fed. Appx. 25, 26 (10th

Cir. 2006).  "Federal prisoners generally seek postconviction relief under § 2255, which contains

its own provision governing second or successive applications. Although that portion of § 2255

is similar to, and refers to, the statutory subsection applicable to second or successive § 2254

petitions, it is not identical. Accordingly, we limit our consideration to § 2254 cases." 125 S. Ct.

at 2646 n. 3.

In *United States v. Nelson*, 465 F.3d 1145 (10th Cir. 2006), however, the Tenth Circuit held that the same analysis the Supreme Court employed in *Gonzales* applies when considering post-judgment pleadings filed in § 2255 proceedings.  *Id.* at 1147 (relying on Fed. Rule of Civ. p. 81(a)(2) and Rule 12 of the Rules Governing Section 2255 Proceedings).  "[W]hether a postjudgment pleading should be construed as a successive application depends on whether the pleading (1) seeks relief from the conviction or sentence or (2) seeks to correct an error in the previously conducted habeas proceeding itself." *Id.*  "A pleading asserting a 'new ground for relief' from the [criminal] judgment is advancing a new claim and is therefore treated as a successive . . . application." *Id.*  "On the other hand, if the pleading only 'attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings,' then it is not advancing a new claim and should not be characterized as a successive petition."  *Id.*

In *Spitznas v. Boone*, 464 F.3d 1213 (10th Cir. 2006), the court outlined "steps to be followed by district courts in this circuit when they are presented with a Rule 60(b) motion in a habeas or § 2255 case."  *Id.* at 1216.  "The district court should first determine . . . whether the motion is a true Rule 60(b) motion or a second or successive petition."  *Id.*  "If the district court concludes that the motion is a true Rule 60(b) motion, its should rule on it as it would any other Rule 60(b) motion."  *Id.* at 1217.  "If, however, the district court concludes that the motion is actually a second or successive petition, it should refer the matter to this court for authorization under § 2244(b)(3)."  *Id.* (citing 28 U.S.C. § 1631 authorizing transfer of civil actions filed without jurisdiction in the interest of justice "to any other court in which the action could have

4

been brought at the time it was filed or noticed.") "In the case of a 'mixed' motion–that is, a motion containing both true Rule 60(b) allegations and second or successive habeas claims–the district court should (1) address the merits of the true Rule 60(b) allegations as it would the allegations in any other Rule 60(b) motion, and (2) forward the second or successive claims to this court for authorization." *Id.*

In determining whether Petitioner's motion is a true Rule 60(b) motion, "[i]t is the relief sought not his pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006).  The court, therefore, will review the substance of each of Petitioner's issues to determine whether it is a Rule 60(b) motion or a successive § 2255 motion.

Petitioner's present Rule 60(b) motion raises four issues: (1) whether the court abused its discretion by resentencing Petitioner to the same 110 month sentence; (2) whether the court's erroneous ruling with respect to the timeliness of his first §2255 motion prejudiced Petitioner by precluding issues from review; (3) whether the court's ruling that Petitioner's first § 2255 motion was time barred prevented the court from considering whether Petitioner presented new evidence; and (4) whether Petitioner's prosecution was unconstitutional because his wife allegedly set him up by placing guns in the home in retaliation for his abusive behavior.

Petitioner's first issue attacks his sentence, not the manner in which the court reviewed his § 2255 motion.  The court resentenced Petitioner as a result of Petitioner's direct appeal in his criminal case and his resentencing occurred prior to his first §2255 motion.   "A § 2255 motion is one 'claiming the right to be released upon the ground that the sentence was imposed in violation

5

of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Nelson*, 465 F.3d at 1148.   Therefore, the first issue is a successive § 2255 motion.  The fourth issue, claiming that his prosecution was unconstitutional because he was set up by his wife, also attacks his underlying criminal judgment and is construed as a successive § 2255 motion.

The court, however, construes the second and third issues as true 60(b) motions.  The issues raise questions relating to the court's handling of Petitioner's first §2255 motion. Petitioner questions whether the court's determination that some of the issues in his first §2255 were time barred precluded the court  from reaching the merits of his claims and considering his alleged "new evidence."   Accordingly, this court concludes that Petitioner's motion is a "mixed motion" as discussed in *Spitznas*, and the court will proceed to address the 60(b) issues.

**B.  Rule 60(b) Motion**

Petitioner brings his motion under Rule 60(b)(4) and (6), which provide that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" when "(4) the judgment is void" or "(6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(4), (6).  Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999).  "A plaintiff must overcome a higher hurdle to obtain relief from a post-judgment motion than on direct appeal from a judgment."  *LeFleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003).

6

There is no basis for Petitioner's argument that the court's ruling on the statute of limitations precluded the court from considering the merits of his § 2255 petition.  The court denied Petitioner's § 2255 petition on multiple grounds.  The court ruled that Petitioner could not raise the same issues in his § 2255 petition that have been decided on direct appeal.  In addition, the court found that Petitioner was barred from raising an issue in a §2255 petition that was not raised on direct appeal because he had not established either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice.

Most significant for purposes of Petitioner's present motion, the court ruled that "[e]ven assuming *arguendo* that Petitioner's claimed errors had merit, Petitioner's sentence would not change due to his guilty plea regarding Count V and his resulting sentence."  Count V was the possession of controlled substances count to which Petitioner pleaded guilty.  The court sentenced Petitioner to 110 months' imprisonment and 36 months supervised release on the firearms counts and the drug possession count, with both sentences to run concurrently.  As a result of the sentence on Count V, Petitioner would have received the same sentence whether there were any procedural errors involved with the firearms counts.

Next, Petitioner's argument that the court's statute of limitations ruling precluded the court from considering Petitioner's alleged "new evidence" was addressed by the court of appeals in its order denying Petitioner's request for a Certificate of Appealability.  Petitioner's "new evidence" consisted of a letter written by his wife on August 19, 2005, and addressed to this court.  Although Petitioner claimed that his counsel was ineffective because he failed to raise the new evidence on appeal, the court of appeals noted that the letter was dates after the court's

7

evidentiary ruling at trial and the court of appeal's affirmation of the ruling on appeal.  Thus, the new evidence could have only been raised on remand.  The court of appeals noted that Petitioner's original § 2255 motion only raised the "new evidence" issue with respect to his ineffective assistance of counsel argument.  The court of appeals proceeded to explain that the court provided defense counsel with additional time prior to Petitioner's resentencing in which to investigate the "new evidence," and there was no evidence in the record that defense counsel failed to respond adequately to the new evidence.  Moreover, the court recognized that it was not clear how the contents of the letter would have altered the district court's ruling.  This court agrees with the reasoning of the court of appeals.

While Petitioner's new evidence argument was not specifically raised in the court's order on his first § 2255 petition, the court's ruling that claims were time barred had no prejudicial result on the new evidence issue.  Even if the court had specifically considered the new evidence issue, it would not have altered the outcome on Petitioner's §2255 petition.  The new evidence issue does not provide a basis for altering the court's ruling on the first §2255 motion.  Accordingly, the court denies Petitioner's Rule 60(b) motion.

## C.  Successive §2255 Motion

Under the terms of § 2255, a second or successive § 2255 motion is not permitted to be filed in the district court absent authorization from the court of appeals.  Section 2255 provides in relevant part:

> A second or successive motion must be certified as provided in
> section 2244 by a panel of the appropriate court of appeals to
> contain  –

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.  Under Section 2244, any claim presented in a second petition that was presented in the prior petition shall be dismissed.  28 U.S.C. § 2244(b)(1).  Any claim not presented in the prior application shall be dismissed unless the petitioner shows that (1) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and such facts would establish by clear and convincing evidence and that no reasonable factfinder would have found the petitioner guilty of the underlying offense.  *Id.* at § 2244(b)(2).

In turn, 28 U.S.C. § 2244(b)(3)(A) mandates that "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  *See also* Rules Governing Section 2254 Cases in the United States District Courts, Rule 9*; Coleman v. Unites States*, 106 F.3d 339, 341 (10th Cir. 1997).

The Tenth Circuit has held that "when a second or successive petition for habeas corpus relief under § 2254 . . . is filed in the district court without the required authorization by this court, the district court should transfer the petition or motion to this court in the interest of justice

pursuant to [28 U.S.C.] § 1631." *Coleman*, 106 F.3d at 341.  The court may also dismiss the petition for lack of jurisdiction.  *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

The district court must consider several factors in determining whether a transfer under 28 U.S.C. § 1631 is in the interest of justice.  These factors include "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Id.* at 1251.  The court must also consider that the court of appeals will not authorize the filing of a second petition unless the petitioner can meet the requirements of Section 2244(b)(2) outlined above.

In this case, Petitioner's newly asserted § 2255 issues are without merit and cannot meet the standards of Section 2244(b)(2).  Petitioner's claim that the court abused its discretion in re-sentencing him to 110 months has no basis.  A pre-*Booker* sentence is not *per se* incorrect. *Booker* merely made the sentencing guidelines advisory rather than mandatory.  *United States v. Booker*, 543 U.S. 220 (2005).  In any event, even if the court's resentencing was in error, it would not change Petitioner's 110 month sentence because he received the same sentence on Count V.

Petitioner's final claim that he was unconstitutionally prosecuted because his wife "set him up" has not been raised in any of his previous appeals or motions.  In *Sanchez-Llamas v. Oregon*, 126 S. Ct. 2669 (2006), the United States Supreme Court stated that "[t]he general rule in federal habeas cases is that a defendant who fails to raise a claim on direct appeal is barred from raising the claim on collateral review." *Id.* at 2682.  If an issue is not raised on direct

appeal, the petitioner "is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error or a fundamental miscarriage of justice." *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996). Petitioner has provided no grounds for not previously raising the issue.  Petitioner's final allegation also cannot meet the standards of Section 2244(b)(2) because Petitioner's allegation itself asserts that his wife admitted to setting him up "long before trial."  Under Section 2244(b)(2), a petitioner must demonstrate that the factual predicate for the claim could not have been discovered previously through the exercise of due diligence.

Moreover, both of these new claims are time barred.  A one-year statute of limitation applies to motions brought under § 2255.  The limitation period runs from the date on which the judgment of conviction becomes final.  28 U.S.C. § 2255.  A conviction becomes final when the possibility of direct review ends. *See United States v. Burch*, 202 F.3d 1274, 1278 (10th Cir.2000) (holding that the one-year limitation period begins to run when, after direct appeal, the time for filing a certiorari petition expires). Petitioner's sentence became final on October 16, 2005, but he did not file his present motion until March 27, 2009.  Petitioner's first § 2255 motion did not extend the time in which to file a subsequent motion.

The one-year statute of limitations is subject to equitable tolling but only in "rare and exceptional circumstances." *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir.2000); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998) .  This equitable remedy is only available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th

11

Cir.2000), *cert. denied*, 531 U.S. 1194, 121 S. Ct. 1195, 149 L. Ed. 2d 110 (2001).  Petitioner has

the burden of establishing that equitable tolling should apply.  *See Miller*, 141 F.3d at 978

(refusing to apply equitable tolling because petitioner "provided no specificity regarding the

alleged lack of access and the steps he took to diligently pursue his federal claims").  There is no

basis for equitably tolling the statute of limitations in this case.

   The court concludes that it is not in the interest of justice to transfer Petitioner's second

§ 2255 motion to the court of appeals.  *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

Accordingly, the court dismisses Petitioner's § 2255 claims for lack of jurisdiction.  *See id.*

**CONCLUSION**

   Based on the above reasoning, the court concludes that Petitioner's Rule 60(b) motion

should be construed as a mixed motion, containing issues for a 60(b) motion and § 2255 issues.

Accordingly, the clerk of court is directed to file Petitioner's Rule 60(b) motion in Case no.

2:06cv878, as filed by Petitioner.  Petitioner's Rule 60(b) motion is DENIED.  Petitioner's §2255

claims, which were opened as a new case, Case no. 2:09cv271, are DISMISSED for lack of

jurisdiction because it is not in the interest of justice to transfer Petitioner's § 2255 motion to the

court of appeals.

   DATED this 31st day of March, 2009.

         BY THE COURT:

         _____

         DALE A. KIMBALL
         United States District Judge

12
